```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**JAMES S. POWELL**                                                **PLAINTIFF**

VS.                                     CIVIL ACTION NO. 3:05CV513-WHB-JCS

**SAIA MOTOR FREIGHT LINE, INC.**                                  **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment of Defendant Saia Motor Freight Line, Inc. (hereinafter "Saia"). Having considered the Motion, to which Plaintiff James Powell failed to respond, the Court finds that it is well taken and should be granted.

### I. Factual Background and Procedural History

This cause of action arises out of alleged race discrimination in the work place. Plaintiff Powell, a white person, was employed by Saia as a truck driver from about April 10, 2002, through February 18, 2005, the date on which he was allegedly constructively discharged. Plaintiff alleges that he was forced to resign because one of Defendant's customers, Cooper Lighting, Inc. of Vicksburg, Mississippi, banned him from trucking their products. Plaintiff further alleges that black drivers who had been banned from driving for particular customers were not fired. Therein lies the basis of Plaintiff's discrimination claim. That is, Plaintiff,

a white person, was fired under the exact same scenario for which black employees were not fired.

Defendant Saia paints a different picture, of course. Defendant alleges that:

> Plaintiff's employment with Saia was terminated because after having been advised of a customer's complaint and being specifically instructed not to contact the customer, Plaintiff repeatedly attempted to contact the customer <u>and</u> left threatening messages for Waddlington [, an employee of Saia]. (Scoggins Decl.)  There is no driver in the New Orleans region who has engaged in conduct similar to Plaintiff. (Scoggins Decl.)

Memorandum in Support of Motion for Summary Judgment, p. 4 (emphasis in original).

Aggrieved by his employment termination, Plaintiff filed the subject Complaint in this Court on August 18, 2005.  He asserts race discrimination claims under 42 U.S.C. §§ 1981 and 1983, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e <u>et seq.</u>  Plaintiff seeks $250,000 in compensatory damages, $200,000 in punitive damages, and equitable relief.  The subject Motion for Summary Judgment, which is now ripe for consideration, was filed on July 3, 2006.

## II.  Analysis

As stated above, Plaintiff failed to respond to Defendant's Motion for Summary Judgment, and the time limit for filing a Response has expired.  The Court notes that ordinarily, a motion may be granted as unopposed if a party fails to submit a response to the motion. Rule 7.2(C)(2) of the Uniform Local Rules of the

United States District Courts for the Northern and Southern Districts of Mississippi.  However, if the motion in question is for summary judgment, a court must consider the motion on the merits, regardless of whether the opposing party responds.  <u>Id.</u> Under the standard set forth in Local Rule 7.2(C)(2), the Court must consider Defendant's Motion for Summary Judgment on the merits.

A claim of employment discrimination can be proven through direct evidence or circumstantial evidence.  However, proving discrimination through direct evidence is difficult in most cases. <u>Crawford v. Formosa Plastics Corp., Louisiana</u>, 234 F.3d 899, 902 (5th Cir. 2000)(citation omitted).  Therefore, in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court set forth a standard by which to analyze discrimination claims based on circumstantial evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)(citation omitted); <u>Evans v. City of Houston</u>, 246 F.3d 344, 350 (5th Cir. 2001).  This standard is known as the "<u>McDonnell Douglas</u> burden shifting analysis," or simply the "<u>McDonnell Douglas</u> analysis."

The first step in the <u>McDonnell Douglas</u> analysis assigns the burden of establishing a *prima facie* case of race discrimination to the Plaintiff.  For purposes of this analysis, the Court assumes that Plaintiff has established his *prima facie* case of

3

discrimination.  Under this assumption, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason" for the employment decision in issue.  <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir. 2004)(citation omitted).  If the employer meets the burden of articulating a nondiscriminatory reason for its employment decision, then the presumption of discrimination created by Plaintiff's *prima facie* case is nullified, and the inquiry becomes more fact specific.  <u>Patrick</u>, 394 F.3d at 315 (citation omitted).  Based on the quote from Defendant's Memorandum in Support of Summary Judgment stated above in Section I of this Opinion, the Court finds that Defendant has established its burden of establishing a nondiscriminatory reason for Plaintiff's employment termination.  Defendant has also established that no black drivers who were retained by the company exhibited behavior as egregious as Plaintiff's behavior.

At this point, the <u>McDonnell Douglas</u> scheme shifts the burden back to the Plaintiff to "show that the employer's putative legitimate, nondiscriminatory reason was not its real reason, but was merely a <u>*pretext for discrimination*</u>."  <u>Id.</u> (emphasis added; citation omitted).  Plaintiff has presented no evidence to the Court in support of a finding of pretext.  Plaintiff also presented no evidence Saia retained any black drivers who exhibited behavior comparable to his own.  The Court therefore finds that Plaintiff has not carried his burden to overcome summary judgment.

Accordingly, the Motion for Summary Judgment must be granted, and this case must be dismissed.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Saia Motor Freight Line, Inc. (docket entry no. 17) is hereby granted.  A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the ____ day of August, 2006.


                                                s/____
                                      UNITED STATES DISTRICT JUDGE

tct