IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES S. POWELL                                                PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:05cv513-WHB

SAIA MOTOR FREIGHT LINE, INC.                                  DEFENDANT

OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiff to Vacate and Set Aside Order on Defendant's Motion for Summary Judgment ("Motion to Vacate"). Having considered the Motion, Response, attachments to each, as well as supporting and opposing authority, the Court finds the Motion is not well taken and should be denied.

On August 18, 2005, Plaintiff filed a Complaint in this Court alleging discrimination in violation of 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964 and 1991, codified at 42 U.S.C. § 2000e. On August 14, 2006, the Court granted the Motion of Defendant for Summary Judgment on all of Plaintiff's claims. When considering the motion for summary judgment, the Court specifically found that it could not, in accordance with the

Local Rules governing this Court, grant the motion as unopposed even though Plaintiff failed to file a response to the motion.[1]

Considering the Motion for Summary Judgment, the Court applied the familiar burden-shifting framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  In its analysis, the Court presumed that Plaintiff had established a prima facie case of discrimination, as required under the first prong of McDonnell Douglas thereby shifting the burden of proof to Defendant.  The Court next found that Defendant had satisfied its burden of proof under the second prong of McDonnell Douglas by (1) articulating a legitimate, nondiscriminatory reason for Plaintiff's termination and (2) establishing that its African American employees were not treated differently, i.e. retained as employees, after engaging in "behavior as egregious as Plaintiff's behavior."  Finally, the Court found Plaintiff had not shown that the reason offered by Defendant for his termination was merely a pretext for discrimination as is required to satisfy the third prong of McDonnell Douglas and to overcome the Motion of Defendant for Summary Judgment.  Accordingly, the Court granted summary

---

[1] See Opinion and Order dated August 14, 2006 [Docket No. 19] (recognizing that ordinarily a motion may be granted as unopposed if a party fails to submit a response to the motion.  In cases in which the motion is one for summary judgment, however, the Court must consider the motion on the merits), citing Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Court for the Southern District of Mississippi.

judgment in favor of Defendant and entered a Final Judgment dismissing the case with prejudice.

Plaintiff's Motion to Vacate is brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which allows a court to vacate an order or final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." By its nature, this Rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981) (alterations in original). In support of his claim of "excusable neglect" Plaintiff contends:

> On the morning of July 5, 2006, the secretary of the Plaintiff's attorney received the electronically filed [Motion for Summary Judgment], printed it out, and laid it upon her desk for review by the attorney. The Motion was never placed upon the attorney's calendar, and was misplaced or misfiled.... Because of the holidays coming to a close, the office was extremely busy, had a heavy workload, and through excusable neglect, the Motion for Summary Judgment was never attended to.

See Motion to Vacate, at 1-2.

The United States Court of Appeals for the Fifth Circuit has found that a party's failure to timely respond to a properly served motion for summary judgment does not constitute "excusable neglect" for the purposes of vacating a judgment under Rule 60(b)(1). In Smith v. Alumax Extrusions, Inc., 868 F.2d 1469 (5th Cir. 1989),

for example, the defendants filed motions for summary judgment, to which the plaintiff did not respond, and which were granted by the trial court on their merits.  The plaintiff, thereafter, sought to vacate the summary judgments claiming that his failure to respond to the motions resulted because of excusable neglect – i.e. his former counsel failed to respond to the motions, and both he and his newly retained counsel did not know they had been filed.  The Smith court found that neither the former attorney's failure to timely respond to a properly filed motion for summary judgment, nor "the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case" was sufficient to constitute excusable neglect as required to warrant relief under Rule 60(b).  Id. at 1471-72 (citation omitted).  Other courts have reached the same conclusion.  See e.g. United States v. One 1978 Piper Navajo PA-31, Aircraft, 748 F.2d 316, 319 (5th Cir. 1984) (finding that claimant had not demonstrated excusable neglect based on its attorneys' claim of heavy office workload in a case in which it received proper notice of the claims before the court, failed to respond to those claims as required, and did not request an extension of time in which to respond); Rogers v. ITT Hartford Life and Accident Co., 178 F.R.D. 476, 482 (S.D. Miss. 1997) (finding that defendant failed to establish excusable neglect in a case in which it failed to timely respond to pleadings that had been properly served but were later "lost or overlooked").  See

4

also McKenzie v. Principi, No. 03-30653, 83 Fed. Appx. 642 (5th Cir. Dec. 16, 2003) ("This court has regularly found 'excusable neglect' in responding to a dispositive motion **only** in circumstances where through inadvertence, the party or its attorney did not receive the notice.") (emphasis added), citing Halicki v. La Casino Cruises, 151 F.3d 465, 470 (5th Cir. 1998); McKenzie, No. 03-30653 (finding that the Fifth Circuit has "expressly held that conflicts in scheduling do not provide sufficient cause to warrant relief under Rule 60(b)(1)."), citing Pryor v. United States Postal Servs., 769 F.2d 281, 287 (5th Cir. 1985).

In the case *sub judice*, the record shows that the Motion for Summary Judgment was properly served using the ECF electronic filing system, and that counsel for Plaintiff received a copy of the Motion.  According to Plaintiff, his attorney did not respond to the Motion because (1) it was misplaced or misfiled by his office staff and (2) his secretary failed to update his calendar to include the deadline on which the Response was due.  In accordance with the case law cited above, the Court finds that Plaintiff has not demonstrated "excusable neglect" for failing to respond to the Motion of Defendant for Summary Judgment and, therefore, that his Motion to Vacate, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, should be denied.

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate and Set Aside Opinion and Order on Defendant's Motion for Summary Judgment [Docket No. 22] is hereby denied.

SO ORDERED this the 25th day of January, 2007.

s/ William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE